**TROY HONG YEE, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 05–70973.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 18, 2009.*

Filed March 4, 2009.

William K. Kiang, Esq., Kiang & Kiang, San Gabriel, CA, for Petitioner.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Keith I. Bernstein, Michelle G. Latour, U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, D.C., for Respondent.

Before: BEEZER, FERNANDEZ, and W. FLETCHER, Circuit Judges.

MEMORANDUM **

Troy Hong Yee, a native and citizen of China, petitions for review of the Board of Immigration Appeals' order summarily affirming an immigration judge's ("IJ") decision denying her application for withholding of removal and relief under the Convention Against Torture ("CAT"). We

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

have jurisdiction pursuant to 8 U.S.C. § 1252. We review for substantial evidence, *Nagoulko v. INS*, 333 F.3d 1012, 1015 (9th Cir.2003), and we deny the petition for review.

Substantial evidence supports the IJ's determination that Yee failed to demonstrate that it was more likely than not she would be persecuted on account of a protected ground if she returned to China. *See Gormley v. Ashcroft*, 364 F.3d 1172, 1177 (9th Cir.2004).

Substantial evidence also supports the IJ's denial of CAT relief because Yee did not establish that it is more likely than not that she would be tortured should she return to China. *See Malhi v. INS*, 336 F.3d 989, 993 (9th Cir.2003).

**PETITION FOR REVIEW DENIED.**

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.